In The United States Court of Appeals
For The Fourth Circuit

Jesse Aaron Davison, et al.     *    Case No.: _____

    - Petitioner

              *   Appellette Case No.: "15-7202"

   v.

              *   Civil Case No.: "MJG-14-910"

United States of America

    - Respondant   *   Criminal Case No.: "MJG-10-0632"

*   *   *   *   *   *   *   *   *

On Appeal From The United States District Court
For The District of Maryland
At Baltimore

*   *   *   *   *

Petition of Request For Authorization To :
File a Second or Successive Section
2255 Motion with the District Court

       Petitioner, Jesse Aaron Davison, pro se, pursuant

to: "Title 28, U.S.C. 2255 (h)(2)", is respectfully "Petitioning" this Court

to "Grant" him a "Certificate of Authorization" in the above captioned

"Civil Action", in-order to enable him with the opportunity to "File" a

"Second or Successive - Section 2255 Motion" in this case, which

concerns a "new rule of Constitutional Law", announced by the "Supreme Court" in its "Holding" under: "Riley v. California, 134 S. Ct. 2473, 189 L. Ed. 2d 430 (2014)", that was "previously unavailable" when this petitioner had actually "Filed" both: his "Section 2255" Motion on "March 13th, 2014", and his "Motion To Amend" that "Section 2255" Motion on "March 30th, 2014" (*Document #177); where that "new rule of Constitutional Law" is "Applicable" to this petitioners case, and actually "Affects" the "Validity" of his current "Federal Convictions" insomuch as : the "petitioner's "Fourth Amendment" Constitutional right to "Protection against an illegal search and seizure" of his private property (*items) was "Violated" when both: the "Baltimore City Police" and the "Federal Bureau of Investigations" (*F.B.I.) had "Failed" to "Obtain" or "Request" an "Authorization or "Approval", within the contents of the "Search Warrants" issued in this case, to "View" (*Search)

the "internal-digital contents" of the "SD-Memory Cards" that were
"seized", pursuant to those "Search Warrants" (*See: "Appendix A"),
and "used" as "Central Evidence" by the "Government" in: "Proving" its
case, and "Obtaining" the "Convictions" on all counts charged against
the petitioner in this case (*excepting "Count Six", which he was found
"Not Guilty" of); therein "deeming" those search warrants: "Facially
Deficient" because they "Failed" to "Particularize" the actual
"Search" of the "internal-digital contents" of those "SD-Memory
Cards" seized, within the "contents" of those "Search Warrants"; which
therefore warrants the "Application" of the "Exclusionary Rule" in this
case to "any and all evidence" derived* from the "unsanctioned" and
"Illegal Search" of the "internal-digital contents" of those "SD-
Memory Cards" seized. In-Support of the above mentioned
"Assertions" made by the petitioner, and his "Request" that this Court

③

"Grant" him a "Certificate of Authorization" to file a "Second or

Successive - Section 2255 Motion To Vacate, Set Aside, or

Correct Sentence" in this case, in-order to enable him to "Challenge"

his "Convictions and "Sentences", recieved in the "United States District

Court For the District of Maryland (Northern Division), under the

"new rule of Constitutional Law" announced by the "Supreme Court"

under "Riley v. California", he states the following:

"Statement of the Case"

On "October 13th, 2010", this petitioner, along

with his Co-Defendant "Tiffany Bolner", was charged by indictment

with "One-Count of ": "Conspiracy To Produce Child Pornography", in

Violation of: "18, U.S.C. § 2251 (e)"; "Two-Counts of ":"Production

of Child Pornography", in Violation of "18, U.S.C. § 2251 (a)";

and "One-Count" of: "Possession of Child Pornography", in Violation

of "18, U.S.C. 2252 (a)(5)(B)".

On "February 14th, 2011", a "Superseding Indictment" was issued charging: "One Count" of "Conspiracy To Produce Child Pornography"; "Five Counts" of "Production of Child Pornography"; "One Count" of "Possession of Child Pornography"; and "One Count" of "Tampering with Objects and Procedings", in Violation of "18, U.S.C. 1512 (C)(1) & (2)".

On "March 4th, 2011", a "Motions Hearing" was held on petitioner's "Motion To Supress" which requested a "Suppression" of "all Evidence" found on the "SD-Memory Cards" seized in this case pursuant to the "Search Warrants" issued (*Both: State and Federal Search Warrants"). At the "Close" of the "hearing" the petitioner advanced a "Variety of arguements" as to "why" the "digital images" recovered from the "two-SD Memory Cards" seized should be

⑤

"Suppressed", pursuant to the "Exclusionary Rule". Those "arguments" were

rejected by the "District Court" in a "Memorandum Opinion and Order"

that was issued on "March 16th, 2011". Principally, the "District Court"

concluded that the "petitioner" himself had no "Expectation of Privacy"

in the "Places" (*homes) that were "Searched" pursuant to the "Search

Warrants" issued in this case; and, therefore, he lacked "Standing" to

"contest" the actual "Search" of the "internal-digital contents" of the

SD-Memory Cards" that were "seized" from those "Places" searched.

The petitioner waived his right to a

"Jury Trial", and proceeded to "Trial" before the Court. On "April

20th, 2011", a "Bench Trial" was begun. On "May 18th, 2011" the

"District Court" issued its "Verdict", finding petitioner "Guilty"

of "every Count" of the "Superseding Indictment", excepting "Count Six"

(which the Court had later found petitioner "Not Guilty of"),

based strictly upon the "Digital Images" that were Found on the

"SD - Memory Cards" and used as the "Central Evidence" by the

"Government" in it "Proving" its case against this petitioner.

On "July 28th, 2011", the petitioner was

"Sentenced" to serve: "Concurrent - Life without Parole - sentences" on

"all - Counts of Conviction" pertaining to the "Conspiracy To Produce ..."

(*Count: One) and the "Production of Child Pornography" (*Counts:

Two - Five) pursuant to the "Provisions" of "18. U.S.C. $ 3559 (e)";

a "120 - Month Concurrent" sentence For the Count of "Possession

of Child Pornography"; and a "60 - Month Concurrent" sentence For

the Count of "Tampering with Objects and Proceedings" (*Count:

Eight).

The Petitioner Filed a timely "Direct Appeal"

and "Petition For Rehearing" in the "United States Court of

Appeals for the Fourth Circuit" under case number: "11-4778", in which the petitioner had raised the "issue" (amongst other "issues") of whether the "District Court" erred when it "Denied" this petitioner's request to "Suppress" all evidence "deriving" from the "illegal search" of the "internal-digital contents" of the "SD-Memory Cards" seized in this case; with the "result" being that the Fourth Circuit "Affirmed" all "Counts of Conviction" on the "Appeal" in its "Opinion" issued on "August 1st, 2012", and had simply "Denied" petitioner a "Rehearing" on "October 10th, 2012".

Petitioner also Filed a timely "Petition For a Writ of Certiorari" with the "Supreme Court of the United States" on "January 3rd, 2013"; with the result being that the "Supreme Court" had simply "Denied" his "Petition" on "March 18th, 2013".

The Petitioner then proceeded to File a timely

"Section 2255 - Motion" in the "United States District Court For the District of Maryland, at Baltimore (Northern Division)", on "March 13th, 2014", in which the petitioner raised "Twenty Five - Grounds" For Relief "(Document # 175).

On "March 30th, 2014", the petitioner also filed a timely "Motion To Amend" his "Section 2255 - Motion" in-order to "Procedurally Add" three-additional "Grounds For Relief" to that "initial-Motion" ("Grounds: "Twenty Six - Twenty Eight")(Document # 177), which the District Court "Granted" on "April 3rd, 2014".

The "Issues" raised by the petitioner under his "Section 2255 - Motion" were strictly "claims" of "Fifth & Sixth Amendment" violations, consisting of: "Judicial Errors, Prosecutorial Misconduct, and Ineffective Assistance of Counsel".

Absolutely no "Issues" were raised regarding a "Fourth Amendment" right violation in any form or fashion.

On "August 7th, 2014", the "Government" in this case filed its "Response In-Opposition" to petitioner's "Section 2255-Motion" and his "Motion To Amend...", in which the "Government" argued against all "Twenty Eight - Grounds" raised by the petitioner.

On "November 26th, 2014" petitioner filed a timely "Reply" to the "Government's Response" ("Document # 188), in which the petitioner "Contended" each "argument" advanced by the "Government" concerning all "Twenty Eight - Grounds" raised by him.

On "May 27th, 2015" the "District Court" issued a "Memorandum and Order" in which it "Denied" petitioner's "Section 2255-Motion", where it only "addressed" Grounds: "One-Twenty Five" of the "Motion" and had "Failed" to "Adjudicate" the

"3-remaining Grounds" raised by petitioner (i.e.: Grounds: "Twenty Six - Twenty Eight")("Document #196).

On "June 10th, 2015", the petitioner filed a "Motion For Reconsideration...", essentially requesting "Adjudication" on those "3-remaining Grounds For Relief" raised by him under "Document #177", pursuant to: "Fed. R. Civ. P., Rule #54(b)" ("Document #198). Petitioner also filed a "Notice of Appeal" with the "District Court" on the same day.

On "June 26th, 2015", the "District Court" issued an "Order" in which it "Denied" petitioner's "Motion For Reconsideration...", essentially "answering" the "Motion" itself, but, again, it had "Failed" to "Fully-Adjudicate" those "3-remaining Grounds": "On The Merits" raised ("Document #202).

Due to the "District Courts'" failure to

either "Grant" or "Deny" petitioner a "Certificate of Appealability" within its "Orders", this Court "Remanded" the case "back to the" "District Court" for the "Limited Purpose" of "Granting or Denying" petitioner a "C.O.A." on "July 31st, 2015"

On "September 15th, 2015" the "District Court" issued an "Order" Denying petitioner a "Certificate of Appealability" in this case. The very same day, the petitioner himself also filed a "Motion For Certificate of Appealability" with this Court; and on "October 20th, 2015", he filed a timely "Informal Opening Brief" for a "Certificate of Appealability" ("Appeal #: 15-7202").

On "February 25th, 2016", the "Unpublished-Per Curiam Opinion" issued by this Court "Dismissed" petitioner's "Motion For Certificate of Appealability".

⑫

On "March 28th, 2016, the petitioner filed a timely "Petition For Rehearing" with this Court; and on "June 7th, 2016", this Court issued its "Order" simply "Denying" that "Petition For Rehearing".

And, lastly, on "September 5th, 2016", this petitioner filed a timely "Petition For A Writ of Certiorari" with the "Supreme Court of the United States", which it then "Denied" on "November 14th, 2016"; with this petitioner then filing a timely "Petition For Rehearing" on "January 13th, 2017", which has not been "Ruled" upon to date.

"Relevency of "Riley v. California" to this case"

In "Riley v. California, 134 S. Ct 2473, 189 L. Ed. 2d 430 (2014)", the "Supreme Court" has "Explicitly-Held" that: "Police generally may not, without a 'warrant', search 'Digital Information' on a 'cell phone' seized from an individual who has

been arrested "(*Id. at "434"). That "Prohibition" and "Fourth Amendment" protection has also been "determined" to "Extend" to the "Search" of other "electronical devices" such as: "Computers, Cameras (Digital), Memory Cards", etc... "that can store "digital information" within their "internal-digital memory", not "Viewable" by "Plain-Sight" means, like a "Cell Phone" (*Id. at: "436", 448 (at.2)"; see also: "U.S. v. Whiteside, 2014 U.S. Dist. Lexis 140439, at: 1, B (2nd Cir. 2014)", and; "Search and Seizure (2015), Vol.# 2: Chapt. 51 - Computers and other Electronic Devices, §51.02 - Expectation of "Privacy in Computers").

The petitioner's case itself involves the "Search" of his "SD-Memory Cards", by the "Baltimore City Police Department" and the "F.B.I.", that had contained "Digital-Information" (*i.e.: Digital Photos, Videos, Contacts, Music, etc...") that was "electronically - stored on them, of which the "Government" in this

⑭

case had "Utilized" as "Central Evidence" in "Prosecuting" its

Federal "Child Pornography" case against this petitioner and his Co-

Defendant "Tiffany Bolner" in "Federal Court".


This petitioner asserts that, what makes

the "New Rule" of "Fourth Amendment Constitutional Law",

"Held" by the "Supreme Court" in "Riley v. California", 134

S. Ct. 2473, 189 L.Ed. 2d 430, 434 (2014)", actually

"Relevant" to his own case, to the degree that it "Materially

Affects" the "Validity" of petitioner's own "Federal Convictions", is

that : in this petitioner's case, both the "Baltimore City"

Police Department" and the "Federal Bureau of Investiagtions"

(*F.B.I.), in "obtaining" the "Search Warrants" that were "Issued"

in this case, had "Failed" to "Request" or "Obtain" an "Authorization"

within the "Contents" of those "Search Warrants" to "View or "Search"

the "internal - digital contents/data" of the "SD-Memory Cards" that

were "seized", pursuant to those "Warrants" issued ("See: Appendix A, pg# 14(E)

; which the "Holding" in "Riley v. California" actually "Determines"

to be a "Violation" of an individual's "Fourth Amendment" Constitutional

right to: "...be Secure in their... Effects, against unreasonable

Searches and Seizures..." ("Id. at: "434 (Held)")("Id. also at:

442, and 452" aswell), since the actual "Search" of the "Internal-

Digital Data" contained on those "SD-Memory Cards" seized,

was not "Particularized" in any of the "Warrants" issued in this

case ("See: Appendix A, pg# 14(E); and Refer to: "Fourth

Amendment: ... no 'Warrant' shall issue, but upon probable cause,

..., and 'Particularly Describing' the 'Place' to be 'Searched'...";

See also: "Coolidge v. New Hampshire, 403 U.S. 443, 467 (1971);

and "U.S. v. Leon, 468 U.S. 897 923 (1984)"). Therefore,

the petitioner is _asserting_ that: by _both_, the "Baltimore City Police Department", and the "Federal Bureau of Investigations", "Failing" to "Request", or "Obtain", an "Authorization", within the "Search Warrants" issued, to "Search" the "Internal - Digital Data" contained on the "SD-Memory Cards" seized pursuant to those "Warrants", the subsequent "Search" of that "Internal - Digital Data" contained on those "Memory Cards" (by _both_ "Jurisdictions" (State and Federal)) is _tantamount to a_ "Warrantless Search" of petitioner's "Personal Effects", in-light of the "New Rule" of "Constitutional Law" "Held" by the "Supreme Court" in: Riley v. California, 134 S. Ct. 2473, 189 L. Ed. 2d 430, 434 (2014)", which thereby had the "Egregious Effect" of "Violating" this petitioner's "Fourth Amendment" Constitutional right, and therein "Materially Effects" the "Validity" of petitioner's "Federal Convictions" because the

"Government", in "Prosecuting" and "Obtaining" its "Convictions"

against this petitioner and his Co-Defendant "Tiffany Bolner"

for "multiple counts" of Federal "Production of Child Pornography",

had "Utilized" and "Relied Heavily" upon "Photos" and "Videos"

as "Central Evidence" in this case, that were "contained" within

the "Internal-Digital Data" of petitioner's "SD-Memory

Cards" that were "seized" but not "Authorized" to be "Searched"

pursuant to the "Warrants" that were issued; thereby making

the current "Federal Convictions" against petitioner a

"Violation" of his "Constitutional Rights" (* "Fourth" and "Fifth"

Amendments), since the "Supreme Court" has held that an

individual's "Expectation of Privacy" in his/her "Digital-Storing

Devices" (i.e.: "Cell Phone, Camera, Memory Cards, Cloud

account, etc...") is one that "Society" recognizes as "Reasonable"

⑱

and therefore "Requires" law-enforcement officers to "Particularize" the "Search" of the "Internal-Digital Data" contained on a "Digital Information-Storage Device" (i.e.: Cell Phone, Digital Camera, Digital SD-Memory Cards, Computers, etc...) which they plan to "Seize", within the very "contents" of the "Warrants" that they "Obtain" (* See: "Riley v. California", 134 S. Ct. 2473, 2477, 2495, 189 L. Ed. 2d 430, 434-36, 452 (2014); and "U.S. v. Winn, 79 F. Supp. 3d 904, 919 (7th Cir. 2015); see also: "U.S. v. Whiteside, 2014 U.S. Dist. Lexis 140439, at: 1, B (2nd Cir. 2014)").

Issues That Would Be Raised : In
Second or Successive-Section 2255 Motion

If this Court were to "Grant" this petitioner "Authorization" to "File" a "Second or Successive-Section 2255 Motion" with the "United States District Court" in this case, the "Issues" that he would "Raise" within that "Motion", as "Grounds"

For "Relief", would be : 1). a "Claim" of "Plain Error" under :

"Fed. R. Crim. P., 52(b)", as "Ground One", in-light of the "New Rule" of

"Fourth Amendment Constitutional Law" announced by the "Supreme Court" in

"Riley v. California, 134 S. Ct. 2473, 2477, 2495, 189 L. Ed. 2d 430,

434, 452 (2014) ("Refer to: Griffith v. Kentucky, 479 U.S. 314, 328, 107

S. Ct. 708 (1987)"; "Johnson v. U.S., 520 U.S. 461, 468 (1997)"; and

"Henderson v. U.S., 185 L. Ed. 2d 85, 90, 92, 94-5, 97, 133 S. Ct. 1121, 1123-24,

1127-29 (2012)"), in-regards to the "Trial Courts" decision to "Deny" this petitioner's

"Request", within his "Pre-Trial Motion To Suppress", to "Suppress" any and

all "Visual Depiction - Evidence" in this case that has "Derived" from an

"Unauthorized", and therefore, "Illegal Search" of the "Internal - Digital Data"

contained on the "SD - Memory Cards" of the petitioner that were "Seized"

pursuant to the "Warrants" that were "Issued" in this case, since the

"Unauthorized Search" of the "Internal - Digital Data" had "Violated" petitioner's

⟨20⟩

"Fourth Amendment" Constitutional right; and 2). a "Claim" of "Prosecutorial

Misconduct" as "Ground Two", again, in-light of the "New Rule" of

"Fourth Amendment - Constitutional Law" announced by the "Supreme Court"

in: "Riley v. California, 134 S. Ct. 2473, 2477, 2495, 189 L. Ed. 2d 430,

434, 452 (2014)", which would regard the "Erroneous Decision" by the

"Government" in this case to "Present" and "Utilize", as "Central Evidence"

in "Proving" its case against this petitioner and his Co-Defendant "Tiffany

Bolner" For Counts: "One - Seven", all of the "Digital Photos" and "Videos"

that had "Derived" From "Two" of petitioner's "SD-Memory Cards"

("a 2GB memory card, and a 64MB memory card) that were "Seized",

pursuant to the "Warrants" that were "issued" in this case, and are the

direct "Objects" of petitioner's "Claim" of an "Illegal Search" of his

"Effects" that was in "Violation" of his "Fourth Amendment" Constitutional

right; with this petitioner "Requesting", as "Relief" For those "Claims" of

"Error", that the "District Court" in this case: "Apply" the "Exclusionary

Rule", to: "Any and all Digital Evidence" (i.e.: "Digital Photos" and

"Videos") that have actually "Derived" from the "Illegal" and "Unauthorized"

Search of this petitioner's "2GB and 64MB - SD Memory Cards" that

were "Seized" pursuant to the "Warrants" issued in this case, in-light of the

"New Rule" of "Fourth Amendment Constitutional Law" announced by

the "Supreme Court" in: "Riley v. California, 134 S. Ct. 2473, 2477,

2495, 189 L. Ed 2d 430, 434, 452 (2014)" (" Griffith v. Kentucky,

479 U.S. 314, 328 (1987)"; see also: "Weeks v. U.S. , 232

U.S. 383 , 398 , 34 S. Ct. 341 , 58 L. Ed. 652 (1914)", and

"Henderson v. U.S., 185 L. Ed. 2d 85, 90, 92, 94-95 (2012)"), and

then "Vacate" and "Set Aside" Counts: "One - Seven" of the petitioner's

convictions in this case, on the "basis" that:

1). By the "Government" in this case

(22)

"Presenting" and "Utilizing", as "Central Evidence" in "Proving" its

case against this petitioner and his Co-Defendant "Tiffany Bolner"

for Counts: "One-Seven", all of the "Digital Photos" and "Videos"

that had directly "Derived" from an "Unauthorized", and therefore

"Illegal", Search of the "Internal-Digital Data" contained on

"Two" of petitioner's "SD-Memory Cards" that were "Seized" pursuant

to the "Warrants" that were issued (*See: Appendix A, pg. # 14-Section

E" (*Highlighted); and "Appendix B") and are the "Objects" of the

petitioner's "Claim" of an "Unauthorized" and "Illegal" Search of

his "Effects" in-"Violation" of his "Fourth Amendment" Constitutional

right, which had the "Egregious and Injurious Affect" of: "Erroneously

Influencing" the "Determination" of the "Trial Court's" "Findings of

Fact" and subsequent "Verdicts" for Counts: "One-Seven" of the

petitioner's convictions, by "Presenting" that "Evidence" to the Court

that, in-light of the "Holding" in "Riley v. California", can be characterized

as no-less than the "Fruits" of an "Unauthorized" and "Illegal"

Search of the petitioner's "Effects" by law-enforcement officers,

which then had the "Egregious Result" of this petitioner being

"Convicted" of Counts: "One-Five" and "Seven" based-upon the

Court's "Contemplation" of "Evidence" that was "Admitted" to the

"Record" by the "Government" in this case that was "Prejudicial" to

the petitioner, by means of a "Violation" of his "Fourth Amendment"

Constitutional right (i.e.: the "Digital Photos" and "Videos" that "Derived"

From an "Unauthorized" Search (i.e.: not "Particularized" in the "Warrants")

of petitioner's "SD-Memory Cards"), when the "Trial Court" had

"Determined" its "Findings of Fact" and subsequent "Verdicts" for

Counts: "One-Five" and "Seven" of petitioner's convictions, therein

"Violating" his "Fifth Amendment" Constitutional rights to a

"Fundamentally Fair Trial" through "Due Process"; and

2). Since the "Law" concerning the "Search" of "Digital Information" (*i.e.: "Digital Photos, Videos, Contacts, etc...") contained on a "Digital Data-Storage Device" (i.e.: "Cell Phone, Digital Camera, SD-Memory Card, etc..."), which the "Trial Court" in this case had "Relied" upon when it had "Denied" petitioner's "Pretrial-Motion To Supress...", was "Settled" at the time of the petitioner's "Trial" (* April-May 2010), but is now "Clearly Contrary" to the "New Rule" of "Fourth Amendment-Constitutional Law" held by the "Supreme Court" in "Riley v. California, 134 S. Ct. 2473, 2477, 189 L. Ed. 2d 430, 434 (2014)", such an "Error" meets the requirement "Standard" for a "Plain Error" review as it is an "Error" that is "Plain" at the time of "Preview" (* See: Henderson v. U.S., 133 S. Ct. 1121, 1123-24, 1127-29, 185 L. Ed. 2d 85, 90, 92

94-95, 97 (2012)", "Johnson v. U.S., 520 U.S. 461, 468, 137 L. Ed. 2d

718, 117 S. Ct. 1544 (1997)"; "Fed. R. Crim. P. 52(b)"; "U.S. v.

Moseley, 2015 U.S. App. Lexis 17517, at: II, A (4th Cir. 2015)"; and

"U.S. v. Rydland, 461 Fed. Appx. 208, 211 (4th Cir. 2011)").

### Why The "Good Faith Exception" "Rule" Does Not Apply In This Case

The "Principle" underlying the "Good-Faith Exception"

"Rule" is that: where "law-enforcement officers" have "Acted" in "Objective-

Good-Faith", or their "transgressions" have been "minor", the "cost" of the

"Suppression" on "Society" and the "Judicial System" compared to the

magnitude of the "benifit" conferred on guilty defendants "offends" basic

concepts of the "criminal justice system" ("See: U.S. v. Leon, 468 U.S.

897, 908 (1984)"; and "U.S. v. Winn, 79 F. Supp. 3d 904, 919 (7th Cir.

2015)"). Therefore, under the "Good-Faith Exception" "Rule", even if a

"Warrant" is Found to be "lacking" in "Particularity", the "Evidence" that is

26

"Siezed" pursuant to that "Warrant" is still "Admissible" if the officer

conducting the "Search" had "Relied" upon the "Warrant" in "Good Faith"

(*See: U.S. v. Leon, 468 U.S. 897, 922-23 (1984)"). A defendant can

"Rebut" the "prima facie" evidence of "Good Faith" by showing that: 1). the

"at fiart" had "misled" the "issuing judge" with a "reckless" or "knowing" disregard"

for the "truth"; 2). the "issuing" judge had "abandoned" his/her "judicial role"; 3).

the "complaint" supporting the "search warrant" was "bare bones" or "so lacking in

indicia of probable cause" that "belief" in the "existance" of "probable

cause" is "unreasonable"; or 4). the "Warrant" was so "Facially Deficient" in

"Failing" to "Particularize" the "Place to be "Searched" or the "Things to be

"Seized" that the "Executing Officers" cannot "reasonably presume" it to

be "Valid" ("See: U.S. v. Leon, 468 U.S. 897, 923 (1984)").

        With all that said, this petitioner is asserting

that: in "Rebutting" the "Prima Facie" evidence of "Good Faith" by the

"Officers" that had "Executed" the "Search Warrants" in this case, regarding the eventual "Illegal" and "Unauthorized" Search of the "Internal-Digital Data" contained on the "SD-Memory Card" of petitioner's that were "Seized" pursuant to those "Warrants issued", the petitioner states that the "First and Fourth Circumstances" held under "Leon" apply to this case regarding the "Warrants issued", insofar as:

1). The "Affiant" and "Co-Affiant" - "Det. George M. Jones" and "Det. Dale Weese" - acted in a "Reckless" manner, by "Failing" to "Request" an "Authorization" to "View", or otherwise "Search", the "Digital Data" contained on "SD-Memory Cards" that were to be "Seized" pursuant to "Section E" of the "Search Warrant issued to them; in which the "Affiants" both Knew, prior to their "request" for the Search Warrant" issued, that upon the "Seizure" of those "Memory Cards", they would be "Viewing", or "Searching", the "Internal-Digital Data" contained on them, for "evidence" of "Visual Depictions" of the reported "Sexual Abuse"; and therefore could have "duplicated" the "request" listed under "Section B" of that "Warrant", but had instead chosen not to, and therein had acted "recklessly" by "Failing" to "Particularize" the "Future-Search" of the "Internal-Digital Data" of those "SD-Memory Cards" to be "Seized"; and had thus "Violated" this petitioner's "Fourth Amendment right; [*]"First

Circumstance under: "U.S. v. Leon, 468 U.S. 897, 923 (1984)"); and

2). By the "Affiants" of the "Warrants" - "Det. George M. Jones" and "Det. Dale Weese" - "Failing" to "Particularize" the actual "Search" of the "Internal - Digital Data" contained on petitioner's "SD - Memory Cards" that were to be "Seized", within the "contents" of the "Warrants" issued, the "Warrant" is thus deemed "Facially Deficient" with respect to "Authorization" for the "Search" or "Viewing" of the "Internal - Digital Data itself"; and therefore the "Executing Officers" (the "Affiants") could not "Reasonably Presume" that the "Warrants" that were issued were "Valid" insofar as: to "Authorize" a "Search" of the "Internal - Digital Data" contained on petitioner's "SD - Memory Cards" after they were "Seized" pursuant to those "Warrants" issued; which thereby "deems" the eventual "Search" of the "Internal - Digital Data" contained on these "SD - Memory Cards", a "Search" of petitioner's "personal effects" that "Exceeded" the "Scope" of the "Warrants" that were issued in this case, and therein a "Violation" of this petitioner's "Fourth Amendment" right. ("Fourth" circumstance under: "U.S. v. Leon, 468 U.S. 897, 923 (1984)").

"Conclusion"

In conclusion, this petitioner states that:

1). the "Claims of Error" which this petitioner

has "Presented" to this Court within this "Petition", which he plans to "File" in a "Second or Successive 2255 Motion" upon the "Granting" of "Authorization" by this Court to do so, are:

a). "Issues" that have not been "previously presented" in any other "Motion" or "Petition" filed in this case, weather on "Direct Appeal" or on "Collateral Review" under "28. U.S.C. § 2255"; and

b). "Issues" that concerns a "New Rule" of "Fourth Amendment Constitutional Law" announced by the "Supreme Court OF The United States" under: "Riley v. California, 134 S. Ct. 2473, 2477, 189 L. Ed. 2d 430, 434 (2014)", that was "previously unavailable" to this petitioner when he had "Filed" his "Section 2255-Motion" in "March 2014", and is directly "Applicable" to this petitioner's case and greatly "Affects" the "Validity" of his current "Federal Convictions".

Therefore, petitioner states that, given the above mentioned reasons given to this Court, he has "met" the "requirements" of "28. U.S.C. § 2244(b)(3)(c)" and "28. U.S.C. § 2255 (h)(2)" of

the "Showing" that is necessary to "Obtain" an "Approval" from this Court

in-order to enable him to "File" a "Second or Successive 2255 Motion"

with the "District Court" in this case;

    2). Petitioner has properly "Preserved" his

aforementioned "Fourth Amendment" Claim in this case, by "asserting"

the "Merits" of it within a timely filed "Pretrial - Motion To Suppress"

pursuant to: "Fed. R. Crim. P. Rule # 12 (b)(3)(c)"; and also as an

"Issue" within his "Direct Appeal" filed with this Court; and, therefore

it cannot be said that this petitioner has in anyway "Waived" his "right"

to "Challange" the aforementioned "Fourth Amendment" Constitutional

Claim under a "Section 2255 - Collateral Review" ("Refer to: "U.S.

v. Moore, 769 F.3d 264, 267-68 (4th Cir. 2014)"; and "U.S. v. Vanegas,

612 Fed. Appx. 664, 666 (4th Cir. 2015)"); and lastly

    3). The petitioner states that, under

"Griffith v. Kentucky, 479 U.S. 314, 328, 107 S. Ct. 708, 93 L. Ed. 2d 649 (1987)" the "Supreme Court" held that: "Newly announced 'Rules' of 'Constitutional Criminal Procedure' must apply 'retroactively' to 'all cases, state or Federal, pending on Direct Review or not yet Final', with 'no exceptions'." (*Refer to: Davis v. U.S., 180 L. Ed. 2d 285, 297-98, 564 U.S. - , 131 S. Ct. - (2011)"), with a "Judgement" being deemed "Final" by the Courts: "On the date that the 'Supreme Court' 'Affirms' the petitioner's convictions or 'Denies' a 'Petition For A Writ of Certiorari". (*See: U.S. v. Segers, 271 F. 3d 181, 186-87 (4th Cir. 2001); Green v. U.S., 260 F. 3d 78, 84 (2nd Cir. 2001); and "Clay v. U.S., 537 U.S. 522, 524-526 (2003)"). In so stating, the petitioner asserts that, since his "Case" is not yet "Final", as a "Decision" on his "Petition For Rehearing" is still "Pending" in the "Supreme Court", per "Griffith", the "Newly Announced-Rule of

Fourth Amendment Constitutional Law" by the "Supreme Court"

within its "Holding" under "Riley v. California, 134 S. Ct. 2473, 2477,

189 L.Ed.2d 430, 434 (2014) must be "Applied" to the petitioner's case,

in-order to allow for a "Review" of petitioner's "Claims of Error",

within his own case, by the Courts, that are "consistant" with that "New

Rule" of "Fourth Amendment Constitutional Law", and a "Relief"

from those "Errors" of "Constitutional Proportions".

Wherefore, given all of the foregoing information,

this petitioner prays that this honorable "Court of Appeals" may

"Grant" him a "Certificate of Authorization", in-order to "Enable"

him with the "opportunity" to "File" a "Second or Successive-Section

2255 Motion" with the "District Court" in this case, regarding the

"Application" of the "New Rule" of "Fourth Amendment - Constitutional

Law" announced by the "Supreme Court" under "Riley v. California,

134 S. Ct. 2473, 189 L. Ed. 2d 430, 434 (2014), to his own

"Claims" of a "Violation" of his "Fourth Amendment" right against

the "Illegal"-"Search" of the "Internal" "Digital" "Data" contained on his

"SD"-"Memory Cards" that were "Seized" pursuant to the "Warrants"

issued in this case, which was previously unavailable to him during

his "Pretrial"-"Motion To Suppress" hearing held on: "March 4th, 2011",

his "Direct Appeal" from: "2011-12", and his "Section 2255 Motion"

filed in: "March 2014", and which he feels actually "Materially"

Affects the "Validity" of his "Convictions" for "Counts: One-

Five, and Seven," to the "Effect" that he believes that: but for the

asserted "Constitutional" Errors mentioned above, "no reasonable Factfinder"

would have "Find" the petitioner "Guilty" of "Counts: One-Five, and

Seven" in this case. ("*See:" "Schlup v. Delo," 513 U.S. 298, 327

(1995)", and ""Worotzeck v. Stewart," 118 F.3d 648, 650 (9th Cir. 1997")."

"Declaration"

I, Jesse Aaron Davison, do hereby declare, under the penalties of perjury, that the foregoing information is "True" and "Correct".

Pro Se

Dated: "January 26ᵗʰ, 2017"

"Certificate of Service"

I hereby certify that, on this "26ᵗʰ" day of "January 2017", a "Copy" of this: "Petition of Request For Authorization ...", was mailed, postage prepaid, to: "Paul E. Budlow & Kristi R. O'Malley, Office of the U.S. Attorney, 36 S. Charles st., 4ᵗʰ Floor, Baltimore, MD 21201".

Pro Se
Jesse Aaron Davison #369-514
R.B.C.I.
14100 McMullen Hwy.
Cumberland, MD 21502

35

"Appendix"

"Appendix: A"

1504-W-DIST

# CIRCUIT COURT FOR BALTIMORE CITY
## OR
## DISTRICT COURT OF MARYLAND FOR BALTIMORE CITY

**SEARCH AND SEIZURE WARRANT**
**FORM 02/187**

TO:     Any police officer of Baltimore City:

The affidavit having been made before me by  **DET. GEORGE M. JONES / DET. DALE WEESE**

Affiant -- Name and Rank

_____, said  Affidavit  being incorporated by reference into this warrant and made a part thereof, that he (they) has (have) reason to believe that:

(on the person of )           3802 8TH STREET BALTIMORE, MARYLAND 21225

(on the premises known as)    GREEN AWNING WITH STRIPS NUMBERS 3802 LEFT OF DOOR WITH

(in the vehicle described as)  GOLD NUMBERS WHITE BACK GROUND FRONT PORCH W/ BLACK COVER

NOTE: Describe the person(s), premises or vehicle.

in the City of Baltimore, there being concealed certain property, namely;

A. ENTER THE ABOVE AFOREMENTIONED LOCATION.B. TO RECOVER AND VIEW A BLACKBERRY CELL PHONE, I POD, MP3 PLAYER (RED IN COLOR)C. TO PHOTOGRAPH THE DWELLING.
D. TO RECOVER ANY OTHER EVIDENCE PERTAINING TO THE CRIME OF SEX OFFENSE.

NOTE: Describe property to be seized -- use continuation sheet if necessary.

        (in violation of the Laws of Maryland)
which is (are) (evidence relating to the commission of a crime) pertaining to

1ST DEGREE SEX OFFENSE  CR 3-305 – 2ND DEGREE SEX OFFENSE  CR 3-306 – 3RD DEGREE SEX OFFENSE  CR 3-307  2ND DEGREE CHILD ABUSE  CR 3-601 (D)

NOTE: Give grounds for search and seizure.

and I am satisfied that there is probable cause to believe that the property so described is being concealed on the (person) (premises) (vehicle) above described and that the foregoing grounds for issuance of the search warrant exist. You are therefore commanded, with the necessary and proper assistants, to search forthwith the (person) (premises) (vehicle) herein above described for the property specified, executing this warrant and making the search; and if the property be found there, to seize it; and if upon execution of this warrant, there are found persons then and there engaged in the commission of a crime, arrest those so participating; leaving a copy of this warrant with an inventory of the property seized and returning copy of said warrant and inventory, if any, to me within ten days after execution of this warrant; or, if not served, to return this warrant to me promptly, but not later than five days after this expiration, as required by law.

Dated this ___17___ day of ___June___ 20_/_ Signed _____
                                                              JUDGE

| **Unannounced Entry Authorization** |
| Good cause being shown therefore, the executing law enforcement officers are authorized to enter the premises to be searched without giving notice of their authority and purpose. |

Dated this _____ day of _____ 20___ Signed_____
                                                                          **JUDGE**

MJG-10-0632-001332

YOUR AFFIANT, AND CO-AFFIANT THEREFORE PRAYS THAT A SEARCH AND

SEIZURE WARRANT BE ISSUED AUTHORIZING HIM WITH THE NECESSARY AND

PROPER

ASSISTANCE TO ENTER THE PREMISES KNOWN AS:

3802 8TH STREET

BALTIMORE, MARYLAND 21225

WHICH IS OWNED, RENTED, RESIDE IN OR OTHERWISE OCCUPIED BY,

JESSE DAVIDSON M/W/ 08/09/1983

A. ENTER THE ABOVE AFOREMENTIONED LOCATION.

B. TO RECOVER AND VIEW A BLACKBERRY CELL PHONE, I POD, MP3 PLAYER (RED IN COLOR)

C. TO PHOTOGRAPH THE DWELLING.

D. TO RECOVER ANY OTHER EVIDENCE PERTAINING TO THE CRIME OF SEX OFFENSE.

E. TO RECOVER ALL SIM CARDS OR OTHER MEDIA DEVICES THAT COULD BE USED FOR THE TAKING OF OR STORAGE OF PHOTOGRAPHS OR VIDEOS.

_____
AFFIANT

SUBSCRIBED AND SWORN BEFORE ME THIS _17_ DAY OF _June 2011_

_____
JUDGE

MJG-10-0632-001345



TRUE COPY
TEST

FRANK M. COHAHAN, CLERK

1-6-11

MJG-10-0632-001346

# Appendix: "B"

# PROPERTY SHEET

Evidence

**RESPONSIBLE COMMAND**
CIB

**RESPONSIBLE OFFICER**
JONES, GEORGE

**SUBMITTING OFFICER**
COLE, NATHANIAL

**SIGNATURE SUBMITTING OFFICER**

**PROPERTY #** 100.30721

**PROPERTY**
SHEPPARD, TROY TYRONE

**DATE RECEIVED**
06/18/2010

| RANK | ID # | COMMAND |
|---|---|---|
| OFC | D089 | CIB |
| RANK | ID # | COMMAND |
| DETECTIVE | 11842 | V CRIME INV. DIV. |

**DATE PREPARED**
06/18/2010

**Prisoner(s)**

**LAST NAME**
DAVIDSON

**FIRST NAME**
JESSE

**STREET ADDRESS**
3715 8TH ST. BALTO.MD.21225

**DATE OF BIRTH**

**ARREST DATE**
06/16/2010

**CHARGE**
Sexual Offense

**CIRCUMSTANCES**

| ITEM | QTY | SERIAL # | ITEM DESCRIPTION | STATUS | Delay Months |
|---|---|---|---|---|---|
| 1 | 1 | | WHITE BOX CONT. | HOLD | |
| 2 | 4 | | SD MEMORY CARDS | HOLD | |
| 3 | 1 | | ARGUS DIGITAL CAMERA | HOLD | |
| 4 | 1 | | FLATFOTO DIGITAL CAMERA | HOLD | |

- NO ITEMS FOLLOW -

**SIGNATURE RECEIVING PROPERTY OFFICER**

**DATE RECEIVED**
06/18/2010

**TOTAL MONEY RECEIVED**
$0.00

**TOTAL ITEMS**
4

| Type of Case | Date Received | | | Page ( ) of ( ) |
|---|---|---|---|---|
| Responsible District, Division, Section / Unit | | | | |

| Responsible Officer | | Rank | Seq. | Assignment |
|---|---|---|---|---|
| Submitting Officer | | Rank | Seq. | Assignment |
| Signature of Responsible Officer | | | | Date Prepared |

**IN MISDEMEANOR CASES BOTH SUSPECT AND CLAIMANT MUST BE IDENTIFIED OR EVIDENCE CONTROL SECTION WILL DISPOSE OF PROPERTY AFTER 90 DAYS.**

| Arrestee / Suspect | Last, First, MI DAVIDSON, Jesse MARTIN | D.O.B. 3-4-83 | Arrest Date 6-16-10 | Type of Case SEX OFFENSE |
|---|---|---|---|---|
| | Street Address 3715 6th st. | City, State, ZIP BALTO, MD 21225 | | |
| Claimant | Last, First, MI | D.O.B. | | |
| | Street Address | City, State, ZIP | | |
| Finder | Last, First, MI | D.O.B. | | |
| | Street Address | City, State, ZIP | | |

**Fold Here** ————————————————————————— **Fold Here**

Comments

| ITEM | QUANT | SERIAL # | DESCRIPTION | STATUS |
|---|---|---|---|---|
| 1 | 1 | | WHITE BOX CONTAINING | H |
| 2 | 4 | | SD MEMORY CARDS | H |
| 3 | 1 | DC1730030449 | ARGUS DIGITAL CAMERA | H |
| 1 | 1 | 16-3831 | FLATFOTO DIGITAL CAMERA | H |
| | | | | |
| | | | | |
| | | | | |

| ECS Member | | | Date Received 6-19-10 | Total Money Received | Total Items |
|---|---|---|---|---|---|

**RENUNCIATION -- I hereby renounce all claim and title I may have to any property under AC# _____**

Signed: _____
Date: _____
Witness: _____

1160-25-10

## PROPERTY SHEET

TYPE
**Evidence**

RESPONSIBLE COMMAND
**CIB**

RESPONSIBLE OFFICER
**JONES, GEORGE**

SUBMITTING OFFICER
**COLE, NATHANIAL**

SIGNATURE SUBMITTING OFFICER

PROPERTY
**10030719**

**SHEPPARD, TROY TYRONE**

| | RANK | EID# | COMMA |
|---|---|---|---|
| | **OFC** | **D089** | **CIB** |
| | RANK | ID# | COMMA |
| | **DETECTIVE** | **H842** | **V CRIME INV. DIV.** |

DATE RECEIVED
**06/18/2010**

DATE PREPARED
**06/18/2010**

**Prisoner(s)**

LAST NAME
**DAVIDSON**

STREET ADDRESS
**3715 8TH ST. BALTO.MD.21225**

FIRST NAME
**JESSE**

MI

DATE OF BIRTH

ARREST DATE
**06/16/2010**

CHARGE
**Sexual Offense**

CIRCUMSTANCES

| ITEM | QTY | SERIAL # | ITEM DESCRIPTION | $ | STATUS | Delay Months |
|---|---|---|---|---|---|---|
| 1 | 1 | | **2GB SD MEMORY CARD** | | **HOLD** | |

**- NO ITEMS FOLLOW -**

SIGNATURE RECEIVING PROPERTY OFFICER

DATE RECEIVED
**06/18/2010**

TOTAL MONEY RECEIVED
**$0.00**

TOTAL ITEMS
**1**

③



CRM 93/56    Baltimore, Maryland    AC#

| Type of Case | | Date Received | | Page ( ) of ( ) |
|---|---|---|---|---|

Responsible District, Division, Section / Unit

| Responsible Officer | | Rank ET | Seq. 1587 | Assignment |
|---|---|---|---|---|
| Submitting Officer | | Rank | Seq. 542 | Assignment |
| Signature of Responsible Officer | | | | Date Prepared 5-11-10 |

**IN MISDEMEANOR CASES BOTH SUSPECT AND CLAIMANT MUST BE IDENTIFIED.
OR EVIDENCE CONTROL SECTION WILL DISPOSE OF PROPERTY AFTER 90 DAYS.**

| Arrestee / Suspect | Last, First, MI  DAVIDSON, JESSE NALIN | D.O.B. 8-9-83 | Arrest Date 6-16-10 | Type of Case SEE OFFENSE |
|---|---|---|---|---|
| | Street Address 2715 5th St. | City, State, ZIP  BALTO, MD 21225 | | |
| Claimant | Last, First, MI | D.O.B. | | |
| | Street Address | City, State, ZIP | | |
| Finder | Last, First, MI | D.O.B. | | |
| | Street Address | City, State, ZIP | | |

Fold Here                                    Fold Here

Comments

| ITEM | QUANT. | SERIAL # | DESCRIPTION | STATUS |
|---|---|---|---|---|
| 1 | 1 | | 2 GB SD MEMORY CARD | H |
| | | | | |
| | | | | |
| | | | | |
| | | | | |
| | | | | |
| | | | | |

| ECS Member | Date Received 5-11-10 | Total Money Received | Total Items |
|---|---|---|---|

**RENUNCIATION** — I hereby renounce all
claim and title I may have to any property
under AC# _____

Signed: _____
Date: _____
Witness: _____

1160-25-10



"Certificate of Filing"

I hereby certify that, on this "26th" day of "January 2017", the enclosed "Document" was "Deposited" in the prison's "Internal-Mail System", and mailed, postage prepaid, to: "Clerk of the Court, United States Court of Appeals for the Fourth Circuit, 1100 E. Main St., Richmond, VA 23219"; and, therefore, it has been "Filed" in a "Timely Manner" ("See: U.S. v. Segers, 271 F. 3d 181, 186-87 (4th Cir. 2001)"; in-association to: "Griffith v. Kentucky, 479 U.S. 314, 328 (1987)"; and "Davis v. U.S., 180 L. Ed. 2d 285, 297-98 (2011)").

I hereby declare, under the penalties of purjury, that the above stated information is "True and Correct".

Pro Se
Jesse Aaron Davison # 369-514
· N.B.C.I.
14100 McMullen Hwy.
Cumberland, MD 21502